**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

| | |
|---|---|
| **TRUSTEES OF THE NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, TRUSTEES OF THE NEW ENGLAND CARPENTERS PENSION FUND and TRUSTEES OF THE SOUTHERN NEW ENGLAND CARPENTERS ANNUITY FUND** : | |
| Plaintiffs : | Civil Action No. |
| V. : | Date: February 26, 2019 |
| **PJ'S CONSTRUCTION COMPANY, INC. PABLO L. JIMENEZ** : | |
| Defendants : | |

## COMPLAINT

Plaintiffs, by their attorneys, Gould Killian LLP, complaining of the Defendants, allege as follows:

## PARTIES

1. Plaintiffs are the duly appointed Trustees of the New England Carpenters Pension Fund, the New England Carpenters Health Benefits Fund, and the Southern New England Carpenters Annuity Fund (collectively referred to herein as "Funds").

2. The Funds are "employee benefit plans" within the meaning of Section 3(3) of The Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

§1002(3), and are "multiemployer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

3.  The defendant, PJ'S CONSTRUCTION COMPANY, INC. (hereinafter "Pj's") is a Connecticut corporation maintaining offices and conducting business at 531 Ella Grasso Boulevard, New Haven, Connecticut.  PJ's is an "employer in an industry affecting commerce" pursuant to ERISA, 29 U.S.C. §1002(5), (9), (11), (12) and (14).

4.  The defendant, Mr. Jimenez is an individual who resides at 7 Leighton Road, Trumbull, Connecticut.  Mr. Jimenez is the owner, President and Treasurer of PJ's, and makes all final decisions over payments made by the company.  Upon information and belief, Mr. Jimenez controls every aspect of the business.

## JURISDICTION AND VENUE

5.  This is an action brought by the trustees of the New England Carpenters Pension Fund, the New England Carpenters Health Benefits Fund, and the Southern New England Carpenters Annuity Fund (collectively referred to herein as "Funds") to enforce the terms of the Funds and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145.  This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).  Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), jurisdiction is therefore conferred on this Court.

6.  The Pension Fund is created, maintained and regulated by the terms of a certain Declaration of Trust originally dated February 25, 1968, as amended, which Declaration of Trust

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

is presently in effect.  The Annuity Fund is created, maintained and regulated by the terms of a certain Declaration of Trust originally dated April 1, 1979, which Declaration of Trust is presently in effect.  The Health Fund is created, maintained and regulated by the terms of a certain Declaration of Trust dated September 1, 1969, which Declaration is presently in effect.

7. The Connecticut operations of the Funds are administered in Connecticut.  The defendant is located in Connecticut, and the breach occurred in Connecticut.  Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), which provides:

(2) Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

8. PJ's performs contracting or subcontracting work in the carpentry industry in the State of Connecticut and employs or has employed members of the United Brotherhood of Carpenters and Joiners of America and its affiliated local unions ("Union"), or nonmembers working in covered employment.

## CAUSE OF ACTION

**COUNT ONE – Breach of Collective Bargaining Agreement and Failure to make benefit contributions pursuant to ERISA**

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

9. PJ's, acting by and through its authorized agent or officer, executed a collective bargaining agreement ("Agreement") with the New England Regional Council of Carpenters.

10. Pursuant to the Agreement, PJ's agreed to make certain payments to the Funds maintained on behalf of employees performing carpentry work in covered employment.

11. PJ's agreed to be bound by the foregoing document and to make certain contributions to the Funds.

12. Under the terms of said contract and of the Declarations of Trust adopted by the Boards of Trustees of the Funds, PJ's is also liable for a reasonable rate of interest on said delinquent contributions until paid, plus all costs of collection, including audit fees, attorney's fees and liquidated damages in the amount of twenty (20%) percent of the delinquent contributions.

13. Pursuant to an audit of PJ's payroll records, PJ's is delinquent and liable to the Plaintiffs in the amount of $61,680.93 for the time period of January 1, 2016 through February 4, 2017.

14. As long as PJ's continues to employ workers performing covered employment, the delinquency owed to the Funds will increase during the pendency of this action.

15. Due demand for the foregoing amount has been made upon PJ's by counsel for the Funds, but to date the foregoing contributions, interest and liquidated damages due and owing to the Funds have not been paid.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

16. As a result of PJ's failure to meet its obligations under the terms of the collective bargaining agreement, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of PJ's failure to make contributions in accordance with the terms and conditions of the pertinent collective bargaining agreement.

**COUNT TWO – Pierce the corporate veil**

17. The plaintiffs reallege paragraphs nine through nineteen of Count One above as if more fully set forth herein as paragraph twenty through thirty of this Count Two.

18. At all times relevant hereto, the defendant, Mr. Jimenez, was the owner, President and Treasurer of Company.

19. Upon information and belief, at all times relevant hereto, the defendant, Pj's, was the mere instrumentality of Mr. Jimenez, in that Mr. Jimenez exercised complete control and domination of the finances, policies and business practices of PJ's, which control he exercised to prevent the payment of contributions justly owed to the funds.

**COUNT THREE – Breach of Fiduciary duty**

20. The plaintiffs reallege paragraphs nine through sixteen of Count One above as if more fully set forth herein as paragraph twenty through twenty-seven of this Count Three.

21. The delinquent contributions owed to the Funds are Trust assets pursuant to the Declarations of Trust referred to above.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

22.     Mr. Jimenez exercised discretionary authority or discretionary control over the management or disposition of Fund assets, in that he controlled the payment or nonpayment of the benefit contributions.

23.     Mr. Jimenez controlled how the funds paid to the company were used, and used Trust assets for purposes other than payment of benefit contributions.

24.     Mr. Jimenez is a fiduciary under ERISA, 29 U.S.C.A. §1002(21)(A).

25.     Mr. Jimenez is personally liable for the delinquent contributions pursuant to ERISA §29 U.S.C.A. 1109(a).

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

1.     For a money judgment consisting of the following:

a. For unpaid contributions due for the months of January 1, 2016 through February 4, 2017 in the amount of $61,680.93 (ERISA Section 502(g)(2)(A));

b. For interest assessed on the delinquent contributions calculated from the date due through the date of judgement at the rate of 12 percent per annum pursuant to contract and ERISA Section 502(g)(2)(B));

c. For liquidated damages assessed on the delinquent contributions at the rate of 20 percent pursuant to contract and ERISA Section 502(g)(2)(C);

2.     For reasonable attorneys' fees and costs of this case pursuant to contract and ERISA Section 503(g)(2)(D);

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

3. That the Defendants be ordered to comply with its obligations to report and to contribute to the Funds during the pendency of this action;

4. Such other legal or equitable relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting penalties thereon pursuant to ERISA.

Dated at Hartford, Connecticut this 26th day of February, 2019.

        PLAINTIFFS

By  /s/Nancy Gould
Nancy Gould
Fed. Bar No. CT 10567
Gould Killian LLP
280 Trumbull Street, 21st floor
Hartford, CT 06103
Phone: (860)278-1270
Fax: (860)244-9290
Email: ngould@gouldkillian.com

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240